UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DAVID CLYDE YOUNG, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:20-cv-519 |
| BLACK & DECKER (U.S.), INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

During a home renovation project, David Young injured his hand when the blade cover on a 7¼ inch circular saw manufactured by Black & Decker U.S., Inc. ("B&D") allegedly stuck in the open position, even though he had released the saw's trigger. Young brings state law claims against B&D for strict liability, negligence and violations of the Tennessee Consumer Protection Act, and requests both compensatory and punitive damages. B&D has filed a "Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted or in the Alternative for Judgment on the Pleadings" (Doc. No. 48) seeking dismissal of the TCPA claim and the request for punitive damages. The Motion has been fully briefed by the parties (Doc. Nos. 42, 52, 55) and will be denied..

### I. Standard of Review

B&D's motion is premised on Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. Although the standard of review is generally the same under both rules, JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007), B&D's motion is more properly characterized as a motion for judgment on the pleadings under Rule 12(c) because B&D has answered the operative Second Amended Complaint and the issues are therefore joined, Satkowiak v. Bay Cty. Sheriff's Dep't, 47 F. App'x 376, 377 n.1 (6th Cir. 2002). See also Fed.R.Civ.P.

12(h)(2) (providing that a motion to dismiss for failure to state a claim can be raised via a motion for judgment on the pleadings under rule 12(c) after an answer has been filed).

"'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008) (quoting S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973)). Just as with motions brought under Rule 12(b)(6), however, "the court 'need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true,'" and the "'complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory'" to survive dismissal. Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008) (internal citations omitted).

## II. TCPA Claim

The TCPA allows for recovery by "[a]ny person who suffers an ascertainable loss of money . . . or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice described in § 47-18-104(b) and declared to be unlawful by this part." Tenn. Code Ann. § 47–18–109(a)(1). Thus, "[i]n order to recover under the TCPA, Plaintiff must prove: (1) that Defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and (2) that Defendant's conduct caused an 'ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated[.]'" Tucker v. Sierra Builders, 180 S.W.3d 109, 115 (Tenn. Ct. App.2005) (citation omitted). The Act "is to be liberally construed to protect consumers and others from those who engage in deceptive acts or practices." Haverlah v. Memphis Aviation, Inc., 674 S.W.2d 297, 305 (Tenn. Ct. App.1984).

2

B&D argues that dismissal of the TCPA claim is warranted because Young does not allege 'an ascertainable loss of money or property' that exists independently of the personal injuries that he suffered <u>and</u> because plaintiff seeks injuries to his person." (Doc. No. 49 at 7) (emphasis in original). In both its initial memorandum and its reply, B&D quotes the following language from former Judge Kevin H. Sharp's decision in <u>Riddle v. Lowe's Home Centers, Inc.</u> as support:

> The damages Plaintiff allegedly sustained flow from the personal injuries he suffered as a result of the April 5, 2010 incident. That is, Plaintiff does not allege "an ascertainable loss of money or property" that exists independently of the personal injuries that he suffered. <u>See</u> <u>Birdsong [v. Eli Lilly & Co.]</u>, 2011 WL 1259650 at *3 [(M.D. Tenn. March 31, 2011)]. A TCPA claim must be dismissed where a plaintiff "seeks to recover for injuries to his person resulting from [a defendant's] alleged violation of the TCPA." <u>See</u> <u>Id</u>. (quoting <u>Howard v. R.J. Reynolds Tobacco Co.</u>, 2005 WL 2088909 at *3 (E.D. Tenn. Aug. 25, 2005)). Similar to <u>Birdsong</u>, here, Plaintiff specifically links his TCPA harm to his serious and disabling personal injuries, which forced him to incur sums of money for medical care, attendance and lost income. As such, Plaintiff's TCPA claim must be dismissed.

802 F. Supp. 2d 900, 909 (M.D. Tenn. 2011).

The allegations here, however, are entirely different than they were in <u>Riddle</u>. They are also different from those presented in <u>Birdsong</u>, on which <u>Riddle</u> relied and B&D now relies.

In <u>Riddle</u>, plaintiff filed suit after he purchased several sheets of plywood from a Lowes store, and was injured when attempting to load them into the bed of his truck. He claimed Lowes was negligent in failing to provide someone to assist with the loading after he asked, and that the store was liable under the TCPA. There is no suggestion, however, that he sought to recover for any lost or unusable plywood. Rather, he "alleged both bodily and pecuniary injuries resulting from Defendant's unfair and deceptive conduct," that included "sustaining serious and disabling injuries," and being "forced to incur sums of money for medical care, attendance, and lost income[.]" <u>Id.</u> at 908-09.

3

In Birdsong, plaintiff filed suit after being prescribed Byetta® and suffering pancreatitis He alleged a number of theories, including negligence, strict liability, and violation of the TCPA. With regard to the last claim, plaintiff alleged that defendants "'engaged in deceptive and fraudulent acts and practices injurious to the public interest' by influencing and inducing physicians to prescribe Byetta® to unwitting patients," and "that as a result of this practice," he "suffer[ed] acute pancreatitis . . . sustained renal failure, and . . . a lifetime of sustained physical and financial damage including pain and suffering." Birdsong, 2011 WL 1259650, at *3.

Here, in contrast to Riddle and Birdsong, a fair reading of Young's Second Amended Complaint suggests that his TCPA complaint does not arise solely from the personal injuries he sustained as a result of using the circular saw. In Count Three, the operative count, Young alleges that he "purchased the subject saw"; "the subject circular saw is Plaintiff's property"; the "circular saw d[id] not comply with the required UL, CSA, and ANSI standards"; and B & D's violation of the TCPA "actually and proximately caused actual damage to Plaintiff's circular saw and has rendered Plaintiff's circular saw inoperable and valueless." (Doc. No. 36, Second Amended Complaint ¶¶ 47, 48, 53,58). Damages for loss of the circular saw is an "ascertainable loss of . . . property . . . or [a] thing of value" within the meaning of Tenn. Code Ann. § 47-18-104(b). See, Harding v. BMW of N. Am., LLC, No. 3:20-CV-00061, 2020 WL 5039439, at *1 (M.D. Tenn. Aug. 26, 2020) (refusing to dismiss TCPA claim against BMW where plaintiff alleged the vehicle was worth less money because of the need for constant oil replacement and plaintiff had to spend time and money adding oil to his car between scheduled oil changes).

In reaching the conclusion that Young's TCPA claim should not be dismissed, the Court recognizes that Plaintiff's prayer for relief on this claim is exceedingly broad:

4

> WHEREFORE, Plaintiff, David Clyde Young, demands judgment against Defendant, Black & Decker (U.S.) Inc., in a fair and reasonable amount to be determined by the jury and not to exceed $5,000,000.00, for all injuries and damages he sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, treble damages, mental anguish, emotional distress, pain and suffering, lost wages, attorney's fees, costs, and interest, and for any such further relief as the Court deems appropriate.

(Doc. No. 36, Second Amended Complaint at 9). However, Plaintiff has used the same prayer for relief for each of his causes of action (negligence, strict liability, and the TCPA), and he concedes in his response that he "seeks to recover for both the personal injuries (Counts I and II) and loss of [the] value of the subject saw (Count III) sustained from Black & Decker's misconduct[.]." (Doc. No. 52 at 8). Thus understood – to wit, Young is seeking to recover the "value of his saw" in Count III notwithstanding the inartful prayer for relief – the motion for judgment on the pleadings will be denied.

### III. Punitive Damages

Limited as they are to the most egregious of cases in Tennessee, B&D seeks dismissal of Young's claim for punitive damages because he alleges no facts in support of the claim According to B&D, this is directly contrary to the teachings in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) that "merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim." HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 611 (6th Cir. 2012).

Under Tennessee law, punitive damages may be awarded where defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly. Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992). At issue here is whether Young has sufficiently alleged that B&D

5

Case 3:20-cv-00519 Document 56 Filed 04/07/21 Page 5 of 8 PageID #: 557

was reckless, meaning that it was "aware of, but consciously disregard[ed], a substantial and unjustifiable risk of such a nature that its disregard constitute[d] a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances." Id.

"[T]o state a claim for punitive damages based on recklessness, Plaintiffs must plead sufficient factual matter to support a plausible inference that Defendant acted with conscious disregard for a substantial and unjustifiable risk." A.K. by & through Kocher v. Durham Sch. Servs., L.P., No. 215CV02663, 2016 WL 11248525, at *3 (W.D. Tenn. Aug. 16, 2016) (citing Iqbal, 556 U.S. at 662). This was done, for example, in Smith v. ZOLL Med. Corp., No. 120CV02204STAJAY, 2020 WL 7233366, at *3 (W.D. Tenn. Dec. 8, 2020) where the manufacturer of Lifevest (a wearable cardiac defribrillator) allegedly (1) ignored FDA inspection and testing requirements; (2) performed "a perfunctory, truncated, and incomplete refurbishment of the LifeVest" so that it could place the vest "back into the marketplace as quickly as possible in order to increase profits," and (3) this resulted in decedents death because the "decision to elevate its profits over consumer safety . . . equate[d] to 'a conscious disregard for a substantial and unjustifiable risk.'" Id. at * 11. Similarly, the allegations supporting a claim for punitive damages against a pain pump manufacturer were found to be sufficient where plaintiff alleged: (1) defendants designed, manufactured, and distributed pain pumps to be used with common anesthetics; (2) over time, continuous injection into the shoulder joint can cause permanent damage to the cartilage; (3) defendant represented that their pain pumps could be used safely in the shoulder joint even though the FDA had repeatedly rejected defendant's request for approval of that use; (4) defendants "knew or reasonably should have known" that such use could be toxic to shoulder joint cartilage; (5) defendants undertook no studies to determine safety; and (6) defendants actively promoted their pain

Case 3:20-cv-00519   Document 56   Filed 04/07/21   Page 6 of 8 PageID #: 558

pump, but never warned the public about the safety issues. Cates v. Stryker Corp., No. 3:10-CV-546, 2012 WL 256199, at *6 (E.D. Tenn. Jan. 27, 2012). Likewise Young's allegations are sufficient to withstand a motion for judgment on the pleadings.

Young specifically alleges, among other things, that B&D should have known through testing that the saw and its blade guard were manufactured using inferior-quality materials and processes that would cause the blade guard to fail during ordinary use. (Doc. No. 36, Second Amended Complaint ¶ 24). He also alleges that B&D was aware of feasible design and material alternatives that would have made the saw safe, and that other saws (including some manufactured by B&D itself) incorporated those designs and materials. (Id. ¶¶ 25, 26). Instead of incorporating those materials and technologies into the saw at issue however, B&D chose the cheaper alternatives in order to reduce production costs and increase revenues. (Id. ¶ 27). Young also claims B&D represented to consumers that the saw was manufactured in compliance with applicable UL, CSA, and ANSI safety standards, when it was not, and that B&D did so to increase its profits. (Id. ¶¶ 39, 30). In short, Young claims B&D "chose profits over safety, which decision caused substantial injury to plaintiff." (Id. ¶ 32). These allegations are sufficient to state a claim for punitive damages under Tennessee law.

Whether Young can prove his allegations remains to be seen, but "[t]he time for proving that [B&D] acted with the requisite ill intent comes later, and [B&D's] actual intent can only be discerned through discovery." Allen v. Quest Diagnostics, Inc., No. 3:17-cv-00897, 2017 WL 3034697, at *5 (M.D. Tenn. July 17, 2017). Even though Young "may have a difficult time establishing recklessness for purposes of h[is] request for punitive damages, . . . his task at the pleading stage is simply 'to allege enough facts to make it plausible that [B&D] bears legal liability,'

Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016), so as to 'unlock the doors of discovery,' Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)." Hobbs v. Kroger Ltd. P'ship I, No. 3:18-CV-01026, 2019 WL 1861330, at *2 (M.D. Tenn. Apr. 24, 2019). Young has done so, and his punitive damages claim will not be dismissed on the pleadings.

## IV. Conclusion

On the basis of the foregoing, B&D's "Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted or in the Alternative for Judgment on the Pleadings" (Doc. No. 48) is **DENIED.** This case is returned to Magistrate Judge Frensley for further pretrial case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE